IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON STEVEN WRIGHT, # 06736-025, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-114-SMY |
| ) | |
| ERIC WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Aaron Steven Wright was incarcerated at the FCI-Greenville, Illinois at the time he filed this *pro se* habeas corpus action.[1] His Petition, filed pursuant to 28 U.S.C. § 2241, challenges the Bureau of Prisons' (BOP) calculation of his sentence – specifically, the failure to credit him for 86 days he spent in custody before the imposition of the 24-month federal sentence he is now serving. (Doc. 1).

Respondent argues that Wright received credit for the period of custody in question against his Alabama state sentences and cannot be awarded credit for the same period against his federal sentence. Respondent also asserts that the federal sentencing judge made clear his intention that Wright serve his full 24-month sentence in federal custody, and noted that his federal and state sentences could only be concurrent if the state court judge ordered the state sentence to be served in that manner. (Doc. 9). Wright was given the opportunity to reply to the Response but declined to do so. (Doc. 9).

---

[1] According to the BOP's online inmate records, Wright is currently in the custody of the Montgomery, Alabama Residential Reentry Management office. Https://www.bop.gov/inmateloc/ (last visited July 28, 2020). However, Wright has not submitted a notice of change of address to the Court.

1

**Relevant Facts and Procedural History**

Wright was released from federal prison on January 9, 2018 and began to serve his concurrent terms of supervised release imposed in the Southern District of Alabama in 2 cases: 15-cr-125-WS and 16-cr-66-WS. (Doc. 1, p. 2). On April 4, 2018, he was arrested by Alabama authorities on drug charges and a state probation violation. (Doc. 1, p. 2). He remained in Alabama state custody and on June 14, 2018, the state court imposed concurrent sentences of 41 months and 24 months. (Doc. 1, p. 2). The state court also ordered that those sentences run concurrent with his federal sentence. (Doc. 9-1, p. 2; Doc. 9-2, pp. 12, 14). On June 28, 2018, Wright was sentenced in the Southern District of Alabama to 24 months' imprisonment for violating the terms of his federal supervised release.[2] (Doc. 1, p. 2). He was then returned to the Alabama Department of Corrections.

Wright was paroled by Alabama and transferred to federal custody to serve his federal sentence on March 1, 2019. He was not given credit against that term for the period between his April 4, 2018 arrest and his June 28, 2018 federal sentencing (86 days). The BOP calculates his projected release date to be November 12, 2020. (Doc. 9, p. 1; Doc. 9-1, p. 3).

On December 5, 2019, the federal sentencing court clarified its intent regarding Wright's sentence. (Doc. 1, pp. 22-25; Doc. 9-4). The court noted that its Judgment did not state whether the federal sentence was to run concurrently with or consecutively to the previously-imposed state sentence, and therefore, by operation of law, the federal sentence must be served consecutively. (Doc. 1, p. 23; Doc. 9-4, p. 2); 18 U.S.C. § 3584(a). The court also asserted the sentencing judge's intention for the federal sentence to run consecutively to the state term so that Wright would have the full 24 months in BOP custody where he might benefit from drug

---

[2] The court imposed a 24-month sentence in each federal case (No. 15-cr-125 and 16-cr-66), to run concurrently. (Doc. 9-2, p. 28).

treatment. (Doc. 1, p. 24; Doc. 9-4, p. 3). The court noted that at Wright's sentencing, it observed that state officials were free to run Wright's sentence concurrently with his federal term, but the court purposely did not order the federal sentence to be concurrent with the state term. *Id.* Finally, the court noted it had no objection to the BOP giving Wright credit for the time served between his April 2018 arrest and June 2018 sentencing, but he must pursue the matter through a § 2241 petition. (Doc. 1, p. 25, n.1; Doc. 9-4, p. 4, n.1).

## **Discussion**

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335); *Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, Wright's claim is properly before this Court.

The BOP's sentencing calculation is governed by 18 U.S.C. § 3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Section 3585(b) addresses credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

Whether multiple prison sentences are to run concurrently or consecutively is governed by 18 U.S.C. § 3584, which provides in relevant part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

Because the federal Judgment is silent as to how the 24-month sentence should run in relation to his state sentences, as the sentencing court noted, the sentence must run consecutively to Wright's previously imposed state sentences. *See* 18 U.S.C. § 3584(a). Nevertheless, Wright insists that because his federal Judgment states that he was to get credit for time served, he is entitled to a reduction of his current sentence by the 86 days he spent in pre-sentence custody. However, under 18 U.S.C. § 3585(b), those 86 days may only be credited toward his federal sentence if that time has not been credited toward another sentence.[3] It is clear from the record that Wright received credit against his state sentences for the 86-day period between April 4, 2018 and June 28, 2018. (Doc. 9, p. 6; Doc. 9-1, p. 3). The BOP therefore correctly declined to give him the 86 days of credit he seeks. To do so would result in giving him double credit for that time against both his federal and state sentences, which is prohibited by Section 3585(b). Wright did not spend any time in custody that was not credited to one of his sentences. In the case at issue here, the credit was applied to his state term.

---

[3] The statement in the Judgment, that "defendant is to get credit for time served" (Doc. 9-2, p. 28) is the source of some confusion. While the court stated at sentencing that it "ha[d] no objection to the BOP crediting [Wright] with any time he's spent in custody on this sentence" (Doc. 1, p. 25, n.1), this cannot be construed as a directive that the BOP must do so. Moreover, the BOP has sole authority to calculate appropriate credit against a federal sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Section 3585(b) cannot be applied by a district court at sentencing. *Id.* at 333.

4

Moreover, Wright remained in the primary custody of Alabama state officials during the 86-day period even though he was temporarily moved to federal custody pursuant to a writ of habeas corpus ad prosequendum.  (Doc. 9, p. 2; Doc. 9-1, p. 2).  The primary custody rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018).  The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not operate as a transfer of primary custody.  *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999).  Wright therefore was not under federal primary jurisdiction until he was transferred to federal custody on March 1, 2019 upon commencement of his federal sentence.

Finally, the state court's June 14, 2018 order was not effective to run Wright's Alabama sentences concurrently with his federal sentence imposed 2 weeks later on June 28, 2018.  The federal Judgment resulted in the federal sentence running consecutively to the state term.  The earlier state court sentencing order could not alter the federal Judgment and the state court had no authority to change the way the federal sentence was calculated.

> In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for "the administration of [its own] criminal justice syste[m]." [Internal citation omitted.] If a prisoner…starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody.

*Setser v. United States*, 566 U.S. 231, 241 (2012).

## Disposition

Aaron Steven Wright's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.  All pending motions are **DENIED AS MOOT**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.  As

a courtesy, the Clerk is further **DIRECTED** to mail a copy of this Order and the Judgment in this case to Petitioner in care of the Montgomery, Alabama Residential Reentry Management office.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: August 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**